[L. A. No. 2388.   Department Two.—April 23, 1910.]

## WILLIAM H. CHORMICLE, Respondent, v. SOUTHWEST WAREHOUSE COMPANY, INC., Appellant.

SALES—BREACH OF WARRANTY OF BARLEY SOLD—IRRECONCILABLE CON-. FLICT BETWEEN GENERAL VERDICT AND SPECIAL FINDINGS—RE-VERSAL.—In an action for damages for breach of warranty of barley sold, where there is an irreconcilable conflict between the general verdict for the plaintiff and the special findings of the jury, the judgment for the plaintiff must be reversed.

ID.—EVIDENCE OF SALE AND WARRANTY BY DEFENDANT'S FOREMAN— PROOF AND SPECIAL FINDINGS—ABSENCE OF FOREMAN—SALE BY AGENT WITHOUT WARRANTY.—Where the sole evidence of warranty was by defendant's foreman at its warehouse when the barley was purchased and paid for, and the jury specially found that the fore-

man was in another city when the barley was purchased and paid for by another agent of defendant, who made no warranty, the verdict for breach of the warranty claimed is inconsistent and irreconcilable with the special findings of the jury.

APPEAL from a judgment of the Superior Court of Orange County. F. E. Densmore, Judge presiding.

The facts are stated in the opinion of the court.

Percy R. Wilson, and W. W. Middlecoff, for Appellant.

J. L. Murphey, and Horace C. Head, for Respondent.

HENSHAW, J.—This action was brought by plaintiff, claiming in his own right and as the assignee of two others, against the defendant corporation for damages for breach of warranty which plaintiff claims defendant made to the effect that certain seed barley purchased by plaintiff and his assignors from defendant was *bearded* barley, when in fact it was beardless barley. It is alleged that plaintiff planted the seed but had no crop and that the sole reason for the failure of the crop was that the seed was of the beardless variety instead of the bearded variety, which latter would have yielded good returns. Defendant for answer admitted the sale of the barley but denied the warranty. The only evidence of warranty was the testimony of plaintiff and his son that Harry Spencer, defendant's warehouse foreman, in a conversation represented and stated to plaintiff that the seed barley was bearded barley; that this conversation took place on December 7, 1906, at defendant's warehouse at Irvine at the time when the grain was bought and paid for. The case was tried before a jury which rendered a general verdict in favor of plaintiff for two thousand dollars. It also returned certain special verdicts and findings of fact. By reason of the irreconcilable conflict and inconsistency between these special verdicts and findings and the general verdict the judgment must be reversed.

The evidence of Chormicles, father and son, was to the effect that they with Elmer Porter rented the land which was to be sowed to barley; that on December 7, 1906, they bought fifteen tons of barley for which a check was given to Mr. Spencer

whom they identified in the courtroom. The receipt for their payment was made out by J. C. Jenkins who was present at the time, but their conversation was with the foreman, Spencer, who made warranty as to the kind and quality of the seed grain. Elmer Porter, who accompanied the Chormicles, testified that he took no part in the conversation but saw the plaintiff talking with Jenkins and probably with some other person, upon December 7th, the day when the sale was made, the check in payment dated, and the receipt signed by Jenkins given. Spencer and Jenkins testified that Spencer was not at the warehouse upon that day and in answer to special interrogatories the jury found that Spencer was absent from defendant's warehouse and in the city of Santa Ana on December 7, 1906, "when plaintiff and his associates were at said warehouse and purchased said seed barley"; that Jenkins did not make the sale of the seed barley but took the check and gave the receipt for the same; that the sale of the barley was made by Spencer; that Jenkins did not warrant that the seed barley was bearded barley.

The result of these special findings is inextricable confusion. The jury finds that Jenkins made no warranty and did not sell the barley. It finds that Spencer sold the barley but it finds that Spencer was not at the warehouse where the sale took place upon the day when it finds that the sale did take place. There is no suggestion in the evidence that the sale was upon any other day or that representations were made at any time prior to the time of the sale. If Spencer was in Santa Ana, miles away from the warehouse on the day of the sale and at the time of the sale which, it will be remembered was orally effected (according to the testimony of the plaintiff) with Spencer at the warehouse, certainly Spencer could not have made the sale, though the special verdict upon this point by the jury is that he did. Saving for these special findings it would be permissible in support of the judgment to conclude that the plaintiff mistook Jenkins for Spencer and that the sale was actually consummated with Jenkins, who took the check and gave the receipt, but we are forbidden to indulge in this construction, not because plaintiff's testimony positively identifies Spencer as the person with whom the sale was made, but because the jury itself specifically finds in accordance with that testimony that Jenkins did not make the sale

and that Spencer did. The pleadings admit the sale, but we cannot for this reason disregard the special finding that defendant's sale was made by Spencer, since the admissions of the pleadings do not declare who the particular agent of the defendant was through whom the sale was effected, and a special finding upon this matter was, therefore, pertinent and proper. Moreover, there is no special verdict to the effect that the warranty was ever made by any one. A finding to this effect is embraced in the general verdict but the special verdicts are destructive of this finding in that from them it appears that no such warranty could have been given since Jenkins did not give it and Spencer who plaintiff says gave it was not present at the time of the sale, which was the time when the warranty was given. By reason of this conflict and inconsistency between the general verdict and the special verdicts, it is impossible for this court upon the record to do other than decree that the judgment appealed from be reversed and the cause remanded for a new trial.

It is ordered accordingly.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.